IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| KARL HOUSE, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-12-3704 |
| | § | |
| S. P. RICHARDS CORPORATION, | § | |
| Defendant. | § | |

## MEMORANDUM AND ORDER

This personal injury case is before the Court on Defendants Empren S. de R.L. de C.V. ("Empren") and EDN Mexico, S. de R.L. de C.V.'s ("EDN," and together with Empren, the "Mexico Defendants") Motion to Dismiss for Lack of Personal Jurisdiction [Doc. # 56] and Motion to Dismiss for Insufficient Process or Service [Doc. # 57]. Also before the Court is Plaintiff Karl House's ("Plaintiff" or "House") Motion for Leave to Expedite Formal Service [Doc. # 60]. These motions are ripe for consideration.[1]  Having considered the parties' briefing and the applicable legal

---

[1] House has filed a Response to the Motion to Dismiss for Lack of Personal Jurisdiction [Doc. # 61], to which the Mexico Defendants have filed a Reply [Doc. # 62]. House has also filed a Response to the Motion to Dismiss for Insufficient Process or Service [Doc. # 59]. The Mexico Defendants have not responded to

(continued...)

authorities, the Court **grants** the Mexico Defendants' Motion to Dismiss for Lack of Personal Jurisdiction, **grants** House's Motion for Leave to Expedite Formal Service, and **denies as moot** the Mexico Defendants' Motion to Dismiss for Lack of Personal Jurisdiction.

## I.  BACKGROUND

Plaintiff House was a truck driver employed by JB Hunt Transport. Plaintiff's Fourth Amended Complaint [Doc. # 48] ("Complaint"), ¶ 11. On or about February 28, 2012, House drove to BNSF Railway Company to pick up a container loaded and sealed by Defendant Hirsh Industries, Inc. ("Hirsh"). *Id.* House picked up the container and delivered it to Defendant S.P. Richards Company ("S.P. Richards"). *Id.* When he arrived with the delivery, House broke the seal of the container and opened the container doors. *Id.* Upon opening the doors, a file cabinet fell out of the container and struck House, who as a result suffered injuries. *Id.*

House initially filed suit against S.P. Richards in the 80th Judicial District Court of Harris County, Texas, on October 15, 2012, and served S.P. Richards on November 30, 2012. *See* Notice of Removal [Doc. # 1], ¶¶ 1-2. S.P. Richards timely removed

---

(...continued)
House's Motion for Leave to Expedite Formal Service; any such response was due on December 27, 2013.

the case to this Court on December 21, 2012. *See id.* House added Defendants Hirsch Industries, LLC, Empren, and EDN (together, with Hirsch and S.P. Richards, "Defendants") as Defendants in later amendments to his complaint. House alleges that Defendants were negligent in securing the container's load and seeks compensatory damages. *See* Complaint, ¶¶ 12-19.

## II. INSUFFICIENT PROCESS OR SERVICE OF PROCESS

The Mexico Defendants have moved to dismiss the action against them for insufficient process under Federal Rule of Civil Procedure 12(b)(4) and for insufficient service of process under Rule 12(b)(5). The Mexico Defendants claim that they received the pleadings in this case only through the Mexican postal service and not from the Mexican Central Authority. Motion to Dismiss for Insufficient Process or Service [Doc. # 57], ¶ 4. Additionally, the Mexico Defendants assert that the copies of the pleadings they received were "not translated into Spanish" as required for service of foreign parties under the Hague Convention. *Id.*

"Generally speaking, 'an objection under Rule 12(b)(4) concerns the form of the process rather than the manner or method of its service,' while a 'Rule 12(b)(5) motion challenges the mode of delivery or the lack of delivery of the summons and complaint.'" *Gartin v. Par Pharm. Cos., Inc.*, 289 F. App'x 688, 691 n.3 (5th Cir. 2008) (citing 5B Charles Alan Wright & Arthur R. Miller, FEDERAL PRACTICE AND

PROCEDURE: Civil 3d § 1353). Here, the Mexico Defendants challenge only the mode of delivery of the summons and complaint. The Court will therefore treat their motion as one under Rule 12(b)(5).

A corporation located outside of the United States may be served "by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents." FED. R. CIV. P. 4(f); *see also* FED. R. CIV. P. 4(h)(2) (stating that a foreign corporation "at a place not within any judicial district of the United States" must be served "in a manner prescribed by Rule 4(f)"). Under the Hague Convention, "each signatory nation [must] establish a 'Central Authority' to act as an agent to receive request of service, arrange for service of documents, and return proofs of service." *Nuovo Pignone, SpA v. STORMAN ASIA M/V*, 310 F.3d 374, 383 (5th Cir. 2002). Mexico is a signatory to the Hague Convention. *See Status Table, 14: Convention of 15 November 1965 on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters*, HAGUE CONFERENCE ON PRIVATE INTERNATIONAL LAW, http://www.hcch.net/index_en.php?act=conventions.status&cid=17 (last updated Jan. 23, 2014).

House and the Mexico Defendants agree that the Mexico Defendants were not properly served. The Mexico Defendants were not served through the Mexican

Central Authority as required by the Hague Convention. *See* Motion to Dismiss for Insufficient Process or Service [Doc. # 57], ¶ 4. House states that he merely sent copies of the documents via the Mexican postal service "to give [the Mexico Defendants] advance notice that suit was coming, and to show this Court that all efforts were being made to complete the joinder of these new parties while formal notice worked its way through the Hague Convention bureaucracy." Response [Doc. # 58], ¶ 5. In any event, the Mexico Defendants have not yet been properly served. At a minimum, the Mexico Defendants must be properly served for the Court to maintain jurisdiction over them. Accordingly, the Motion to Dismiss for Insufficient Process or Service must be granted.

House asks the Court to deny the Motion to Dismiss on the grounds that "Defendants are already on notice of this suit" and the "required formalities are demonstrably already underway" such that dismissing the suit or quashing service against the Mexico Defendants "will be a waste of time and will needlessly elevate form over substance." *Id.*, ¶ 6. The Court will not dismiss this entire suit, as there are claims pending against other defendants. The Court, however, has no jurisdiction over the Mexico Defendants until they are properly served under the Federal Rules of Civil Procedure and the Hague Convention. The case accordingly must be dismissed as against the Mexico Defendants. Assuming service is completed within a reasonable

time, House may seek leave to add the Mexico Defendants, and the motion is likely to be granted.

### III.   <u>MOTION FOR LEAVE TO EXPEDITE FORMAL SERVICE</u>

House separately moves the Court for leave to "expedite formal service" against the Mexico Defendants.  *See* Plaintiff's Opposed Motion for Leave to Expedite Formal Service [Doc. # 60] ("Motion to Expedite").  In the Court's initial order setting a pretrial conference, the Court ordered that "Counsel who file or remove an action must serve a copy of *this Order* and a copy of this *Court's Procedures* with the summons and complaint or with the notice of removal." Order for Pretrial Conference [Doc. # 2], ¶ 5 (emphasis in original).  House states that his counsel sent a Spanish-translated copy of the summons and complaint, along with English version of the summons, complaint, procedures of this Court, and the Docket Control Order ("DCO"), to the Mexican Central Authority for service on the Mexico Defendants. *See* Motion to Expedite, ¶ 3; Affidavit of Langdon Smith [Doc. # 60-1] ("Smith Aff."), at 2.  The Mexican Central Authority, however, refused to complete service without Spanish-translated versions of the Court's procedures and the DCO.  Smith Aff., at 2.  Accordingly, House requests that he be relieved of the obligation to serve the Court's procedures and the DCO through the Hague Convention process, since

translating those documents would cause considerable delay.  Motion to Expedite, ¶¶ 5-6.

The Court agrees there is no need to translate the Court's procedures and the DCO into Spanish in order to effectuate service of process.  Neither the Federal Rules of Civil Procedure nor the Hague Convention require service of the Court's procedures or the DCO.  Requiring House to translate these documents into Spanish in order to effect service through the Hague Convention procedure would be costly and cause unnecessary delay.  Moreover, service of the summons and complaint alone is sufficient to ensure that the Mexico Defendants have proper notice of the claims alleged in this lawsuit.  For those reasons, House's Motion for Leave to Expedite Formal Service is granted.[2]

---

[2]Because the Mexico Defendants have not been properly served, the Court does not reach the issue of whether it has personal jurisdiction over those defendants.  The Court notes, however, that the issue has not been adequately presented; the current record does not provide facts sufficient for the Court to decide whether or not the Mexico Defendants are subject to this Court's jurisdiction.  Thus, should House properly effectuate service on the Mexico Defendants, the Court will permit House to conduct limited jurisdictional discovery on personal jurisdiction issues regarding
(continued...)

## IV. CONCLUSION AND ORDER

For the foregoing reasons, it is hereby

**ORDERED** Defendants Empren S. de R.L. de C.V. and EDN Mexico, S. de R.L. de C.V.'s Motion to Dismiss for Insufficient Process or Service [Doc. # 57] is **GRANTED**. It is further

**ORDERED** that Plaintiff Karl House's Motion for Leave to Expedite Formal Service [Doc. # 60] is **GRANTED**. Plaintiff must transmit the required documentation to the Mexican Central Authority for service on the Mexico Defendants by **February 24, 2014**. It is further

**ORDERED** that Defendants Empren S. de R.L. de C.V. and EDN Mexico, S. de R.L. de C.V.'s Motion to Dismiss for Lack of Personal Jurisdiction [Doc. # 56] is **DENIED AS MOOT**.

SIGNED at Houston, Texas, this 4th day of **February, 2014.**

*/s/ Nancy F. Atlas*
Nancy F. Atlas
United States District Judge

---

[2](...continued)
the Mexico Defendants. Assuming the Court has personal jurisdiction over the Mexico Defendants, the Court will also entertain a motion to amend the DCO to allow time for discovery concerning the Mexico Defendants' acts, policies, and practices.